Judge Tucker,
after staring the case, proceeded ; It is to be observed, that the taxes for the year 1805, became due on the 31st of December of that year; that they could not, however, be distrained for until the first of Alaiji succeeding; nor were they payable into the treasury, until the first of October following.(a) Of course, these taxes did not fall due until six months after White gave this bond ; nor did the taxes for 1806 fall due until six months after one year from the time of his appointment had expired. Consequently the main question is, for what period was Mr. White appointed sheriff, by that commission; since the undertaking of the securities for his due collection of the taxes, must be understood as commensurate with the duration of his commission, as a collector of the revenue.
From an attentive perusal of the several acts on this subject, I feel no doubt, that, according to the true intent and meaning of the law, sheriffs must be annually nominated by the County Courts; must be annually commissioned by the Governor; and must annually give bond for the faithful collection of all taxes imposed by law in their County, and which may become due at any time during the period of one year thereafter; provided the sheriff lives until the 31st of December, next after such appointment, &c. Because, if he lives till that day, his deputies may collect the taxes in the same manner as if he had lived.(b) The undertaking of the securities to this bond must therefore, I conceive, be understood as going no further than for the faithful collecting and paying the taxes for the year 1805 only; and consequently that the judgment be affirmed.
Judge Roane.
By the act of 1702, c. SO. the County Courts are to make annual nominations of sheriffs. This provision, as well as the positive limitation of the duration of the office contained in the 6th section, determines the duration of the office to be for one year only; and the eft *211 feet of the bond can only be commensurate therewith. In the event of the same person being continued sheriff a second year, which can only be, if he is again nominated by the County Court, it is to be considered as a nerw appointment. The terms “ approved” and “ continue,” used in the 6th section in relation to a second appointment, are precisely those used in the 1st and 6th sections in relation to an original appointment: Nothing, therefore, can be inferred from those expressions to shew that a second appointment, or a continuance in office for a second year, does not stand precisely on the footing of an original one. The sum provided in the act as the penalty of the bond, is supposed to be ample enough feu- a single year, and even for a short time longer in the event of a succeeding sheriff’ being prevented by accident from qualifying ; but it may not be sufficient to cover also a second year ; and no construction of the act can be made to extend the bond to apply to a second year, which would not equally hold if the sheriff were permitted to act for twenty years, which, in that case, would surely be unreasonable, The case at bar differs from that only in degree. On the whole, I am of opinion, that there ought to be an annual nomination, appointment, and bond. The expression in the bond “ during the con-u tinuance in office,” must clearly have reference to the actual duration of the office by virtue of the appointment under which the bond was taken.
My opinion is, that the judgment be affirmed,
Judge Fleming concurring;—by the whole Court the judgment of the General Court affirmed.

 Rev. Code. 1794, c. 83. s. 27. p. 132.

 Ib. s. 29.